CHARLES CIMINO, PLAINTIFF, v. ELIZABETH ROSELLI, ALSO KNOWN AS ELIZABETH CIMINO, DEFENDANT.

Superior Court of New Jersey
Chancery Division

Decided October 23, 1951.

Mr. *Wilbur L. Ross* (*Mr. Frank W. Heilenday* appearing), attorney for plaintiff.

Messrs. *De Fazio, Davidson & De Fazio* (*Mr. Charles De Fazio, Jr.*, appearing), attorneys for defendant.

PINDAR, A. M. In this matter a plaintiff husband seeks a judgment of nullity on two grounds: (1) statutory incapability, directed to a lack of mental capacity; and (2) for fraud under this court's general jurisdictional authority, in that, before marriage defendant failed to disclose her pre-existing mental condition. By her answer defendant denies both causes and counterclaims for a judgment of separate maintenance. No children were born of the marriage.

Upon due assignment the *contra*-issues were moved on September 27, 1951. At that time plaintiff proceeded with

his case and proofs were taken on the issue under the statute. Proof on defendant's cause was reserved to await determination of the right of annulment which, if granted, would be dispositive of the counterclaim. Not being completed, the hearing was continued until November 14, 1951.

Meantime, plaintiff has served a demand for admissions, directed to facts contained in institutional records and concerning defendant's commitment to and confinement at certain mental disease hospitals. It should be here noted that at the trial the attorney for plaintiff produced records of defendant's care and treatment at a local institution, which when offered were objected to on the ground of incompetency. The offer was made under the provisions of *L.* 1949, *c.* 124, *R. S.* 2:98–35, 38. After argument the court permitted use of the records, subject to a reservation to strike and defendant's exception. Also, counsel were directed to submit their memoranda on the question of competency. Furthermore, at the hearing it was disclosed that defendant had been institutionalized at a hospital in Washington, D. C.

Defendant now, on notice, opens to the court her objections to the request for admissions, relying on the aforestated record of the proceedings. No application is made as to the propriety of the demand. Defendant's sole objection is for the reason that the "request * * * is served after the commencement of the action and during the trial of the action and contrary to rule of civil practice 3:36–1 of this court." Or succinctly, on the ground of lack of procedural authority "to request admissions after a trial has commenced and pending conclusion."

Plaintiff responds and urges that the effort *sub judice* is within the spirit and purpose of the present rules as declared in *Rule* 3:1–2. Also that the demands are made necessary because of defendant's stated objection to the use of the records proffered and the disclosure at the trial of defendant's confinement at the foreign institution.

▮▮▮ Coming now to the application to suppress, I believe the existing circumstances give reason for a necessary relaxa-

tion of the rules to permit the right of plaintiff to request the admissions and to declare the duty of defendant to comply in accordance with the practice and procedure. While plaintiff's demand is not made strictly within the provisions of *Rule* 3:36–1, to wit: "after commencement of an action and before trial \* \* \*," it is clear that to require compliance in the case *sub judice* will not cause injustice or surprise. That is particularly apparent in the absence of objection otherwise than as here made. Moreover, the situation at bar concerns and relates to an action and trial in which the hearing has been extended by a long adjournment, affording ample time for defendant to ascertain the information and to respond. In other words, although I believe the intention and design of *Rule* 3:36–1 was to regulate affordable procedure to facilitate a trial which under ordinary expectation would be continued to completion, the said rule likewise befits and should be adaptable to a trial interrupted by a needed adjourned hearing before possible conclusion. In the former instance a strict construction would be essential, but in the latter case a purposeful construction should be within the relaxing authority of the court. See *Rule* 3:105.

Accordingly, I have concluded to advise that defendant's objection be overruled and her application to suppress be dismissed. Also to order that defendant comply with plaintiff's demand for admissions under the provisionary rules of civil practice.

Counsel should present a form of order in conformity herewith. See *Rule* 3:54–1, as amended.